UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:15-cv-936-Orl-40DAB

JACQUELYN JOHNSTON,

         Plaintiff,

v.

GARY S. BORDERS, individually and
in his official capacity as the Sheriff
of Lake County, Florida, and JENNIFER
FERGUSON,

     Defendants.

_____/

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND REQUEST FOR ATTORNEY'S FEES

Plaintiff, Jacquelyn Johnston ("Johnston"), by and through her undersigned counsel, hereby files this Motion to Compel Production of Documents and Request for Attorney's Fees, pursuant to Rule 37, Fed. R. Civ. P. and Local Rule 3.04(a), and in support thereof states as follows:

## GENERAL ALLEGATIONS[1]

1.     On March 23, 2016, Plaintiff served her First Request for Production to Defendant Jennifer Ferguson ("First RFP to Ferguson") and her First Request for Production to Defendant Gary S. Borders in His Individual Capacity ("First RFP to Borders") (collectively, "Requests for Production").

---

[1] General Allegations are applicable to Parts I and II of the instant Motion.  Part III is being brought in an abundance of caution given the pattern of delay exhibited by counsel for Defendants and/or their clients.

2.      Responses to the Requests for Production along with responsive documents was due on April 25, 2016.[2]

3.      On April 29, 2016, counsel for Defendants sent counsel for the Plaintiff an email inquiring about extending the deadline to provide their expert witness disclosures without any mention of the Requests for Production.

4.      In response to this email, the undersigned called Marc Sugerman ("Mr. Sugerman"), counsel for Defendants, to discuss the email.  During the call, the undersigned, in an effort to avoid the filing of a motion to compel with the Court, asked Mr. Sugerman about the status of the responsive documents because the deadline to respond had run by nearly a week.  Mr. Sugerman responded that he would give the undersigned a "status update" as to the delivery of the responsive documents by May 6, 2016.

5.      Of course May 6, 2016 arrives, and no communication is received from counsel for the Defendants.  At the close of business on May 6, 2016, the undersigned sent an email to counsel for the Defendants in an effort to get compliance with the aforementioned status update regarding the delivery of responsive documents without seeking the Court's assistance.

6.      On May 10, 2016, the undersigned sent an email to counsel for the Defendants regarding the status of the outstanding documents responsive to Requests for Production.  Mr. Sugerman replied that documents would be turned over to the undersigned by May 20, 2016.

7.      On May 20, 2016, counsel for Defendants served responses to the Requests for Production and only produced documents responsive to a portion of one single request of each

---

[2] This deadline is inclusive of mailing days provided for in Rule 6(d), Fed. R. Civ. P.

request for production and asserted several objections.[3]  Despite continuous efforts to work through the issues contained herein,[4] counsel will not provide documents agreed to be produced or a date certain when the remaining responsive documents will be provided. Ferguson, Borders, and their attorneys have been in possession of the Requests for Production well over sixty (60) days.  The need for more time at this point is absurd.

8.      At no time has counsel for Defendants mentioned preserving their rights to assert objections to the Requests for Production.  It is Mr. Sugerman's position that he assumed the undersigned was agreeing to extend time to allow them to file responses inclusive of objections.  The undersigned assumed Mr. Sugerman was well aware that the objections had been waived by not being timely preserved.  It was clear, the only thing the undersigned was agreeing to was not filing a motion to compel until May 20, 2016, the date that counsel for Defendants provided as the date responsive documents would be produced.

9.      The objections raised are not only boilerplate, but word-for-word identical in both the Requests for Production without any facts to support the objections.  The undersigned attempted to confer with counsel for Defendants regarding the insufficient and waived objections.  Mr. Sugerman's response was "In any case, we have agreed to produce most of what you requested."  When the undersigned asked Mr. Sugerman to clarify this statement, no response was given.

---

[3] The documents that were produced happened to overlap with responsive documents produced in accordance with the Second Request for Production directed at the Lake County Sheriff's Office.
[4] Email correspondence occurred on May 25, 2016 and May 27, 2016.

10.     Ferguson's deposition is currently set for June 8, 2016 and Border's deposition is currently set for June 9, 2016.  Discovery cutoff in this case has already been extended to July 1, 2016.

**I.     <u>Plaintiff's First Request for Production to Defendant, Jennifer Ferguson</u>**

**<u>Request No. 1:</u>** All tax returns and W-2s for the period of 2011 through the present.

**<u>Response:</u>** Ferguson objects to this request as overbroad and because it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence.

**<u>Reasons the Court should grant this Motion:</u>** Plaintiff submits that the objections asserted in response to Request No. 1 are insufficient because they are boilerplate.  Moreover, all objections have been waived by not being made timely and cannot be argued in response to the instant Motion.  Middle District Discovery (2015) at III(A)(6).  In the event the Court does not agree that the objections were waived, the Plaintiff submits the objections of "overbroad" and "irrelevant" are insufficient because they are general, boilerplate objections that run afoul of Rule 34(b)(2)(B), Fed. R. Civ. P., by not stating with any specificity the reasons for the objections.  *See also* Middle District Discovery (2015) at III(A)(6) and *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034 *4 (M.D.Fla. March 26, 2014) (boilerplate objections are routinely rejected, meaningless, and deemed without merit).

Even though it is the Plaintiff's position the objections have been waived, in an abundance of caution they will be addressed.  As to the request being overbroad, it seeks five (5) enumerated years of tax returns and W-2s, which is definitely specific.  As to the relevancy of the requested information, Jennifer Ferguson ("Ferguson") is a named Defendant and

financial gain has been alleged as a motive for Ferguson's behavior as outlined in the Amended

Complaint.   Wherefore, Plaintiff respectfully requests the objections be overruled and

Ferguson be compelled to turnover the requested documents, immediately.

> **Request No. 2:** All financial affidavits completed for your child custody case
> in Seminole County for the youngest of your two children.

> **Response:**   Ferguson objects to this request as overbroad, intended to harass,
> unduly burdensome, and seeks information that is irrelevant and unlikely to lead
> to the discovery of admissible evidence.

> **Reasons the Court should grant this Motion:** Plaintiff incorporates by reference

herein and makes apart hereof the Reasons the Court should grant this Motion given above

regarding Request No. 1.   The objections "unduly burdensome" and "intended to harass"

without more are also a boilerplate objection.   *See* Middle District Discovery (2015) at

III(A)(6); and *Gonzalez* at *4.

Even though it is the Plaintiff's position the objections have been waived, in an

abundance of caution they will be addressed.   The requested financial affidavits are signed

under penalty of perjury and filed with the court.   It has been learned that Ferguson completed

more than one financial affidavit in the referenced child custody case indicating an increase in

income.   The requested documents were all filed since January 1, 2014.   This request is very

specific and in no way can it be construed as overbroad and unduly burdensome.   It has been

anticipated as a defense to Ferguson's bad faith motive that because she did not get Plaintiff's

title she did not get Plaintiff's former position.   However, if Ferguson received everything but

Plaintiff's title, she effectively received Plaintiff's former position and Plaintiff should be

entitled to explore this.   Wherefore, Plaintiff respectfully requests the objections be overruled

and Ferguson be compelled to turnover the requested documents, immediately.

**Request No. 3:** All cellular telephone bills for the months of August 2014 through December 2014, regardless of who received or paid the bills.

**Response:**  Ferguson objects to this request as it pertains to her personal cell phone records as overbroad, burdensome, and intended to harass. Ferguson's business cell phone records will be produced at a mutually convenient time and place.

**Reasons the Court should grant this Motion:** The business cell phone records were produced and are not subject to the instant motion.  Plaintiff submits that the objections asserted in response to Request No. 3 are insufficient because they are boilerplate.  Moreover, all objections have been waived by not being made timely and cannot be argued in response to the instant Motion.  Middle District Discovery (2015) at III(A)(6).  In the event the Court does not agree that the objections were waived, the Plaintiff submits the objections of "overbroad," "burdensome," and "intended to harass" are insufficient because they are general, boilerplate objections that run afoul of Rule 34(b)(2)(B), Fed. R. Civ. P., by not stating with any specificity the reasons for the objections.  *See also* Middle District Discovery (2015) at III(A)(6) and *Gonzalez* at *4.

Even though it is the Plaintiff's position the objections have been waived, in an abundance of caution they will be addressed.  Plaintiff is seeking four (4) months of cellular telephone bills.  That is hardly overbroad, burdensome or intended to harass Ferguson.  Wherefore, Plaintiff respectfully requests the objections be overruled and Ferguson be compelled to turnover the requested documents, immediately.

**Request No. 4:** All emails that refer to Plaintiff in any way, shape or form from all personal and work email accounts.

**Response:**  All business e-mails referencing Plaintiff were already produced. Responsive records as they pertain to Ferguson's personal e-mail will be produced at a mutually convenient time and place.

**Reasons the Court should grant this Motion:**  Ferguson claims all business e-mails were produced responsive to this request and therefore that part of the request is not subject to the instant Motion.  As mentioned above, Plaintiff made this request on March 23, 2016.  In an effort to stave off the instant Motion to Compel, Defendants agreed to provide the responsive documents no later than May 20, 2016.  The response indicates the documents will be produced at an ambiguous mutually convenient time and place.  Such ambiguity is insufficient.  Middle District Discovery (2015) at III(A)(5)(c).  To date, despite requests made to counsel for Defendants, no documents have been received and no date provided when the documents can be expected, other than they are "forthcoming."  This request has been outstanding for over sixty (60) days.  There is no reason more time should be needed or at a minimum a date certain cannot be provided.   Wherefore, Plaintiff respectfully requests Ferguson be compelled to turnover the requested documents, immediately.

> **Request No. 5:** All social media messages between Ferguson and anyone regarding Plaintiff in any way, shape, or form, including, but not limited Facebook Messenger messages.

> **Response:**  Responsive records will be produced at a mutually convenient time and place.

> **Reasons the Court should grant this Motion:**  As mentioned above, Plaintiff made

this request on March 23, 2016.  In an effort to stave off the instant Motion to Compel, Defendants agreed to provide the responsive documents no later than May 20, 2016.  The response indicates the documents will be produced at an ambiguous mutually convenient time and place.  Such ambiguity is insufficient.  Middle District Discovery (2015) at III(A)(5)(c).  To date, despite requests made to counsel for Defendants, no documents have been received

and no date provided when the documents can be expected, other than they are "forthcoming." This request has been outstanding for over sixty (60) days. There is no reason more time should be needed or at a minimum a date certain cannot be provided. Wherefore, Plaintiff respectfully requests Ferguson be compelled to turnover the requested documents, immediately.

> **Request No. 6:** All text messages that refer to Plaintiff in any way, shape, or form.

> **Response:** Responsive records will be produced at a mutually convenient time and place.

> **Reasons the Court should grant this Motion:** Plaintiff incorporates by reference

herein and makes apart hereof the Reasons the Court should grant this Motion given above regarding Request No. 5.

> **Request No. 7:** All documents relating to any medical and/or mental health treatment received between January 1, 2011 through the present, including, but not limited to all bills, medical records, and office notes generated by medical and mental healthcare providers and professionals during this period.

> **Response:** Ferguson objects to this request as overbroad, intended to harass, unduly burdensome, and seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence.

> **Reasons the Court should grant this Motion:** Plaintiff submits that the objections

asserted in response to Request No. 7 are insufficient because they are boilerplate. Moreover, all objections have been waived by not being made timely and cannot be argued in response to the instant Motion. Middle District Discovery (2015) at III(A)(6). In the event the Court does not agree that the objections were waived, the Plaintiff submits the objections of "overbroad," "burdensome," and "intended to harass" are insufficient because they are general, boilerplate objections that run afoul of Rule 34(b)(2)(B), Fed. R. Civ. P., by not stating with any specificity

the reasons for the objections.  *See also* Middle District Discovery (2015) at III(A)(6) and *Gonzalez* at *4.

Even though it is the Plaintiff's position the objections have been waived, in an abundance of caution they will be addressed.  Plaintiff has alleged that Ferguson enjoys killing animals, and had been euthanizing animals without the proper certification, directly contradicting Ferguson's later-given sworn statement.  Ferguson has given a statement, under oath, that alleged that euthanizing animals impacts her emotionally and she holds the animals so they know they were loved when they passed.  Accordingly, Ferguson's mental health and ability to make sound judgments is at issue in this case making the records relevant.  Wherefore, Plaintiff respectfully requests the objections be overruled and Ferguson be compelled to turnover the requested documents, immediately.

## II.     Plaintiff's First Request for Production to Defendant, Gary S. Borders in His Individual Capacity

**Request No. 1:** All tax returns and W-2s for the period of 2011 through the present.

**Response:** Borders objects to this request as overbroad and because it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence.

**Reasons the Court should grant this Motion:** Plaintiff submits that the objections asserted in response to Request No. 1 are insufficient because they are boilerplate.  Moreover, all objections have been waived by not being made timely and cannot be argued in response to the instant Motion.  Middle District Discovery (2015) at III(A)(6).  In the event the Court does not agree that the objections were waived, the Plaintiff submits the objections of "overbroad" and "irrelevant" are insufficient because they are general, boilerplate objections that run afoul

9

of Rule 34(b)(2)(B), Fed. R. Civ. P., by not stating with any specificity the reasons for the objections. *See also* Middle District Discovery (2015) at III(A)(6) and *Gonzalez* at \*4.

Even though it is the Plaintiff's position the objections have been waived, in an abundance of caution they will be addressed. As to the request being overbroad, it seeks five (5) enumerated years of tax returns, which is definitely specific. As to the relevancy of the requested information, Plaintiff is exploring financial gain as motivating factor as to why Gary Borders ("Borders"), a named Defendant herein, behaved in the manor outlined in the Amended Complaint. Plaintiff has alleged that power was a reason Borders acted in the manner in which he did and usually money goes with power. Wherefore, Plaintiff respectfully requests the objections be overruled and Borders be compelled to turnover the requested documents, immediately.

> **Request No. 2:** All cellular telephone bills for the months of August 2014 through December 2014, regardless of who received or paid the bills.

> **Response:** Borders objects to this request as it pertains to his personal cell phone records as overbroad, burdensome, and intended to harass. Borders' business cell phone records will be produced at a mutually convenient time and place.

> **Reasons the Court should grant this Motion:** The business cell phone records were produced and are not subject to the instant motion. Plaintiff submits that the objections asserted in response to Request No. 2 are insufficient because they are boilerplate. Moreover, all objections have been waived by not being made timely and cannot be argued in response to the instant Motion. Middle District Discovery (2015) at III(A)(6). In the event the Court does not agree that the objections were waived, the Plaintiff submits the objections of "overbroad," "burdensome," and "intended to harass" are insufficient because they are general, boilerplate

objections that run afoul of Rule 34(b)(2)(B), Fed. R. Civ. P., by not stating with any specificity the reasons for the objections. *See also* Middle District Discovery (2015) at III(A)(6) and *Gonzalez* at *4.

Even though it is the Plaintiff's position the objections have been waived, in an abundance of caution they will be addressed. Plaintiff is asking for four (4) months of cellular telephone bills. That is hardly overbroad, burdensome or intended to harass Borders. Wherefore, Plaintiff respectfully requests the objections be overruled and Borders be compelled to turnover the requested documents, immediately.

> **Request No. 3:** All emails that refer to Plaintiff in any way, shape or form from all personal and work email accounts.

> **Response:** All business e-mails referencing Plaintiff were already produced. Responsive records as they pertain to Borders' personal e-mail will be produced at a mutually convenient time and place.

**Reasons the Court should grant this Motion:** Borders claims all business e-mails were produced responsive to this request and therefore that part of the request is not subject to the instant Motion. As mentioned above, Plaintiff made this request on March 23, 2016. In an effort to stave off the instant Motion to Compel, Defendants agreed to provide the responsive documents no later than May 20, 2016. The response indicates the documents will be produced at an ambiguous mutually convenient time and place. Such ambiguity is insufficient. Middle District Discovery (2015) at III(A)(5)(c). To date, despite requests made to counsel for Defendants, no documents have been received and no date provided when the documents can be expected, other than they are "forthcoming." This request has been outstanding for over sixty (60) days. There is no reason more time should be needed or at a

minimum a date certain cannot be provided.  Wherefore, Plaintiff respectfully requests Borders

be compelled to turnover the requested documents, immediately.

> **Request No. 6:** All documents relating to any medical and/or mental health treatment received between January 1, 2011 through the present, including, but not limited to all bills, medical records, and office notes generated by medical and mental healthcare providers and professionals during this period.

> **Response:**  Borders objects to this request as overbroad, intended to harass, unduly burdensome, and seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence.

> **Reasons the Court should grant this Motion:**  Plaintiff submits that the objections

asserted in response to Request No. 6 are insufficient because they are boilerplate.  Moreover,

all objections have been waived by not being made timely and cannot be argued in response to

the instant Motion.  Middle District Discovery (2015) at III(A)(6).  In the event the Court does

not agree that the objections were waived, the Plaintiff submits the objections of "overbroad,"

"burdensome," and "intended to harass" are insufficient because they are general, boilerplate

objections that run afoul of Rule 34(b)(2)(B), Fed. R. Civ. P., by not stating with any specificity

the reasons for the objections.  *See also* Middle District Discovery (2015) at III(A)(6) and

*Gonzalez* at *4.

Even though it is the Plaintiff's position the objections have been waived, in an

abundance of caution they will be addressed.  Plaintiff has alleged, generally, that Borders'

lacked sound judgment in his behavior surrounding Plaintiff's termination.  Accordingly,

Borders' mental health and ability to make sound judgments is at issue in this case making the

records relevant.   Wherefore, Plaintiff respectfully requests the objections be overruled and

Borders be compelled to turnover the requested documents, immediately.

### III.    Plaintiff's First Request for Production to Defendant, Gary S. Borders in His Official Capacity as the Sheriff of Lake County

On November 2, 2015, Plaintiff served her First Request for Production to Defendant, Gary S. Borders in His Official Capacity as the Sheriff of Lake County ("First RFP to LCSO").

After a series of timely requested extensions, by Defendant, Gary S. Borders in His Official Capacity as the Sheriff of Lake County ("LCSO"), the response to the First RFP to LCSO and responsive documents came due and was provided on January 4, 2016.

Request number 17 of the First RFP to LCSO requested: "Euthanasia request forms for the period of January 1, 2014 through and including the present received by Lake County Animal Services or Lake County Sheriff's Office Animal Services."

In response LCSO stated: "Defendant objects to Request No. 17 as overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Documents responsive to this Request from late September through October 10, 2014 will be produced at a mutually convenient date and time."

After much back and forth between counsel for Plaintiff and counsel LCSO, LCSO relented and on May 16, 2016 agreed to provide to requested documents on May 20, 2016.  To date, the outstanding documents have not been received and LCSO will not provide a date certain when the documents can be expected.  In light of the pattern of conduct by counsel for the Defendants and/or their clients, Plaintiff thought it prudent to bring this motion so that a date certain could be established when the documents must be turned over.

The undersigned has conferred with counsel for Defendants who indicated that their client needs more time and filing a motion to compel will not produce the documents any

quicker.  However, counsel for Defendants refuses to inform Plaintiff how much time is needed to gather documents they knew were requested in early November 2015.

**IV.**     **Request for Attorney's Fees in Connection with the Filing of this Motion**

Rule 37(a)(5)(A), Fed. R. Civ. P., provides that if the motion to compel is granted or discovery is provided after the instant motion is filed, after an opportunity to be heard, so long as good faith effort was made to resolve the dispute or the non-moving party was somehow not substantially justified in their conduct, the Court must require the non-moving party and/or their counsel to pay the movant's reasonable expenses incurred in conjunction with same, including attorney's fees.

Wherefore, Plaintiff is hereby requesting attorney's fees in conjunction with filing the instant motion and any proceedings related thereto.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), the undersigned conferred with counsel for Defendant and the parties have been unable to agree on the resolution of the motion.  The undersigned contacted Mr. Sugerman on April 29, 2016 via telephone to inquire as to the status of the outstanding discovery.  Thereafter, all communications were had via email on May 6, May 10, May 25 and May 27.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Compel the Production of Documents and Request for Attorney's Fees and for all other further relief this Court deems just and proper.

Dated: May 31, 2016.                  Respectfully submitted,

                                     By: */s/ Angelena M. Root*
                                          Angelena M. Root, Esq.

FBN: 101751
Angelena M. Root, P.A.
1931 Cordova Road, #303
Fort Lauderdale, Florida  33316
Ph: (954) 986-2101
Fax: (954) 212-0774
Email: amrootesq@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2016, the foregoing was filed with Court via CM/ECF and served via CM/ECF upon counsel for Defendants to Mark E. Levitt, Esq. at mlevitt@anblaw.com, tsuarez@anblaw.com and to Marc Sugerman, Esq. at msugerman@anblaw.com.

By: */s/ Angelena M. Root*
        Angelena M. Root, Esq.

15