UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:15-cv-936-Orl-40DAB

JACQUELYN JOHNSTON,

    Plaintiff,

v.

GARY S. BORDERS, individually and
in his official capacity as the Sheriff
of Lake County, Florida, and JENNIFER
FERGUSON,

    Defendants.
_____/

## MOTION TO EXCLUDE DEFENSE EXPERTS

Plaintiff, Jacquelyn Johnston ("Johnston"), by and through her undersigned counsel, respectfully requests this Court exclude Defendants' two proposed expert witnesses: Darius Fisher, the online reputation management expert, and Steven Oscher, the economic damages expert. The issues here are not merely ones of credibility best left for cross examination, but rather of insufficient disclosures, lack of relevant subject matter expertise and "fit" with the evidence. Specifically, Mr. Fisher supplied insufficient disclosures, lacks qualifications to be utilized as an expert, and his report does not fit with the evidence. Mr. Oscher lacks qualifications to be utilized as an expert in this case, and his report does not fit with the evidence. Based upon the reports of both experts, the experts should be excluded as they will not assist the trier of fact with any damage calculations.

## Legal Standards

The District Court serves as the "gatekeeper" to the admission of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993). This gatekeeping function espoused by *Daubert* applies to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

As a preliminary matter, all parties who intend on utilizing experts at trial must comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Specifically, the expert report must contain:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)  the facts or data considered by the wtiness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)   a list of all other cases in which during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

After *Daubert*, Rule 702 of the Federal Rules of Evidence was amended to guide the Courts in evaluating whether to accept expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *U.S. v. Frazier*, 387 F. 3d 1244, 1260 (11th Cir. 2004) (*en banc*), the Court explained that when determining the admissibility of expert testimony under Rule 702 the trial courts must engage in a rigorous three-part analysis and consider whether the expert is qualified to testify, whether the methods used by the expert are reliable; and whether the testimony is helpful to the trier of fact in understanding an issue of fact in the case.

### A. Mr. Fisher's Expert Report Does Not Comport With Rule 26(a)(2)(B).

Darius Fisher is Defendants' expert on Plaintiff's potential costs to rehabilitate her online reputation so that when she does search for a job all of the articles based upon Defendants' defamatory statements are not found by employers. For Mr. Fisher, the disclosures are insufficient in that the report does not comply with Fed. R. Civ. P. 26(a)(2)(B)(iv) – (vi). Mr. Fisher's report does not include any publications, any experiences regarding prior testimony in litigation, or how much his compensation is. *See* Exhibit "A" attached hereto, ORM Assessment June 2016.

### B. Mr. Fisher Does Not Have Sufficient Education or Experience To Be Qualified As An Expert.

Moreover, Mr. Fisher lacks the experience and education to be qualified as an expert. He only graduated with his bachelor's degree nine years ago and founded his company, Status Labs, four years ago. Mr. Fisher's experience appears to be in building a business, not in rehabilitating one's online reputation.

### C. Mr. Fisher's Report Is Not Reliable In That It Does Not Fit The Facts Of This Case.

Additionally, Mr. Fisher's report appears to be flawed in that it is based solely on monthly averages the negative statements regarding Plaintiff appear in a two year time frame

of April 2014 through June 2016. The averages seemed to be based on the individual searching for Plaintiff online is based in Orlando and not just in general.

The point of rehabilitating Plaintiff's online reputation is so potential employers do not see the negative statements regarding Plaintiff as put out by Defendants. That means just one person actually looking for Plaintiff's online presence has to find her. Most potential employers are likely to go past page one, which is all the report accounts for, eliminating negative information regarding Plaintiff on only page one of Google search results. Finally, Mr. Fisher's methodology seems to violate Google's policies, which if employed could potentially get Plaintiff banned from Google. Accordingly, Mr. Fisher's testimony and report should be excluded in its entirety.

### D. Mr. Oscher Report Is Not Reliable Because He Lacks The Qualifications To Be An Expert In This Matter And His Opinion Does Not Fit The Facts Of This Case.

Steven Oscher is the Defendants' expert on Plaintiff's potential damages based upon her inability to obtain employment in her chosen field of working with animals or for local government. *See* Report of Mr. Oscher attached hereto as Exhibit "B." Mr. Oscher is a forensic accountant and does not have education or background in vocational rehabilitation. Accordingly, without a background in vocational rehabilitations, his opinion is nothing more than speculative. *See Benjamin v. Peter's Farm Condominium Owners' Assoc.*, 820 F.2d 640, 643 (3d Cir. 1987) (testimony of expert improper where expert lacked qualifications as vocational rehabilitation and lacked knowledge regarding Plaintiff's capacity to continue working in a certain job).

Moreover, his entire report is based upon the Plaintiff having the alleged ability to work as an Information Systems Manager. However, Plaintiff is not qualified to work as an Information Systems Manager because she lacks the required education to obtain such a position. Using the same data that Mr. Oscher used, the 2015 Occupational Outlook Handbook published online by the United States Department of Labor, Bureau of Labor Statistics, the education criteria is that one has a bachelor's degree in computer or information science-related field. *See* *http://www.bls.gov/ooh/management/computer-and-information-systems-managers.htm#tab-4*, a copy of which is attached hereto as Exhibit "C." The prior work related experience is at least a few years of experience in the field. *Id.* Plaintiff has an undergraduate degree in history and art. See Plaintiff's Resume attached hereto as Composite Exhibit "D." Plaintiff took two classes that focused on Information Systems while earning her Master in Business Administration to be able to earn a certificate in same. *Id.* Plaintiff does not have any work related experience in the field of computer or information systems. *Id.* Plaintiff has never interviewed the Plaintiff. *Id.* Accordingly his report is speculative at best and he should not be permitted give testimony in this matter at trial.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Exclude Expert Witnesses and for all other further relief this Court deems just and proper.

Dated: October 3, 2016.                                Respectfully submitted,

                                                  By: */s/ Angelena M. Root*
                                                        Angelena M. Root, Esq.
                                                        FBN: 101751
                                                        Angelena M. Root, P.A.
                                                        1931 Cordova Road, #303
                                                        Fort Lauderdale, Florida  33316
                                                        Ph: (954) 986-2101
                                                        Fax: (954) 212-0774
                                                        Email: amrootesq@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 3, 2016, the foregoing was filed with Court via CM/ECF and served via CM/ECF upon counsel for Defendants to Mark E. Levitt, Esq. at mlevitt@anblaw.com, tsuarez@anblaw.com and to Marc Sugerman, Esq. at msugerman@anblaw.com.

                                                By: */s/ Angelena M. Root*
                                                      Angelena M. Root, Esq.