UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELYN JOHNSTON,

    Plaintiff,

v.                                          Case No.: 6:15-cv-00936-PGB-DAB

GARY S. BORDERS, individually and
in his official capacity as the Sheriff
of Lake County, Florida, and JENNIFER
FERGUSON,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENSE EXPERTS**

Defendants, GARY S. BORDERS in his official capacity as the Sheriff of Lake County, Florida, GARY S. BORDERS in his individual capacity, and JENNIFER FERGUSON, by and through undersigned counsel, file this Response in Opposition to Plaintiff's Motion to Exclude Defense Experts.

    A.  Legal Standard for Exclusion

Rule 702 of the Federal Rules of Evidence provides that expert testimony may be admitted under the following circumstances:

        a. the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

        b. the testimony is based on sufficient facts or data;

        c. the testimony is the product of reliable principles and methods; and

        d. the expert has reliably applied the principles and methods to the facts of the case.

1

In her *Daubert* Motion, Plaintiff argues that the testimony of Defendants' expert in online assessment and reputation cleanup should be excluded because (1) his expert report does not contain a list of publications, a list of cases in which he testified as an expert at trial, or a statement of compensation; (2) he does not have sufficient education or experience to be qualified as an expert; and (c) his opinion does not fit the facts of this case. She also argues that the testimony of Defendant's expert in accounting and economics should be excluded because (1) he is not qualified in vocational rehabilitation; and (2) his opinion does not fit the facts of this case.

For the reasons set forth below, the testimony of both of Defendants' expert witnesses should not be excluded on the basis of Plaintiff's *Daubert* motion.[1]

B. <u>Mr. Fisher has sufficient knowledge that would assist jury</u>

"Rule 702 takes a liberal view of expert witness qualifications." *Welsh v. Newman Intern. Transport, Inc.*, 2011 WL 3958452, *3 (M.D. Fla. September 8, 2011). There are no formal educational or experiential requirements, and "gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony not its admissibility." *Id.*, quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 692 (N.D. Ga. 2006). An expert witness need only be "competent and qualified by knowledge, skill, experience, training **or** education to render the opinion." *Id.* As long as there is some reasonable indication that the proffered expert is qualified, the court should permit the expert to testify and let the jury weigh his qualifications. *See QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 2012 WL 913248, *3 (S.D. Fla. March 16, 2012).

---

[1] Defendants are not conceding that the cost of cleaning up Plaintiff's reputation is a category of recoverable damages in an action for deprivation of liberty interest or defamation, or that testimony related thereto would be admissible at trial. Defendants' Response is only addressing the issues raised in Plaintiff's *Daubert* motion, and in doing so, Defendants reserve the right to otherwise object under the Federal Rules of Evidence to the admission of evidence related to the cost of online assessment and reputation cleanup.

Mr. Fisher is unquestionably competent and qualified to testify regarding online assessment and reputation cleanup because he is the president and co-founder of a company which provides online reputation management services to 1500 clients in 40 countries. The question his testimony seeks to address is the cost of repairing Plaintiff's online reputation. Considering that he and his company are in the business of repairing the online reputations of their clients, there is no question that Mr. Fisher has technical and specialized knowledge that would assist the jury to understand the cost of such services. Whether he has been out of school long enough, or whether he has been in the business long enough goes to the weight of his testimony, not its admissibility.

Interestingly enough, Plaintiff's expert witness in online reputation assessment and cleanup, Mr. Chris S. Anderson, is in the exact same business as Mr. Fisher. (Ex. A at p. 4). He too operates a company that provides online reputation management services to clients. (Ex. A at p. 4). His company was founded in 2010, and it does not appear from his CV that he had any experience in online reputation management prior to that time, so he has no more knowledge and experience than Mr. Fisher. (Ex. A at ex. 2).

What's good for the goose is good for the gander. Defendant did not seek to exclude Mr. Anderson based on Rule 702(a) because although "online reputation and cleanup" has never been recognized as a reliable field of expertise by any court of law,[2] it certainly appears to be an emerging field of specialized knowledge. It is illogical for Plaintiff to seek to exclude Mr. Fisher because he "only" has four (4) years of experience in online reputation management, yet proffer an expert in the same field based on what amount to the same exact qualifications. If the Court excludes Mr. Fisher on the basis that he does not have specialized knowledge in the field of online

---

[2] While Plaintiff's expert report indicates that Mr. Anderson was deposed in a county court and testified at several arbitrations regarding this issue, it does not appear that he, or anyone else for that matter, has ever been qualified as an expert by any court of law based on Defendants' research.

assessment and reputation cleanup, Mr. Anderson should likewise be excluded for the same reasons. More likely, however, both proffered experts would help the jury understand the real impact of the Sheriff's press release on Plaintiff's reputation and the true market value, if any, of the restoration thereof should such testimony prove otherwise admissible.

    C. <u>Mr. Fisher's testimony is the product of reliable methods reliably applied to the facts</u>

Mr. Fisher's report outlines three suggested strategies that an online reputation company could employ to repair Plaintiff's online reputation issues. Plaintiff identifies the issue as "rehabilitating Plaintiff's online reputation… so potential employers do not see the negative statements regarding Plaintiff as put out by Defendants." (Doc. 62 at p. 4). Mr. Fisher's strategies are specifically tailored to address this precise issue. Plaintiff's conjecture that Mr. Fisher's methodology is too limited in time or breadth does not speak to its reliability. For example, based on Mr. Fisher's knowledge and experience, clearing the first page of search results covers the majority of searches. (Doc. 64-1 at p. 7). Based on Mr. Anderson's knowledge and experience, on the other hand, clearing the first three (3) pages is necessary. (Ex. A at p. 9). Based on the volume of clients, both experts appear to be employing reliable methods. It should be left to the jury to determine which strategy is more prudent with regard to the facts of this specific case.

Plaintiff also asserts that Mr. Fisher's methodology violates Google's policies and would "potentially get Plaintiff banned from Google." Putting aside uncertainty about what being banned from Google entails, Plaintiff's assertion overlooks Mr. Fisher's representation that his services specifically "comply with Google's SEO guidelines and best practices during each campaign." (Doc. 64-1 at p. 4). If Plaintiff believes otherwise, it is a question for the jury and does not speak to the reliability of Mr. Fisher's methods.

D. Mr. Fisher's Report complies with Rule 26(a)(2)(B)

Rule 26(a)(2)(B) requires that an expert report must contain (1) a complete statement of all opinions and the basis for them; (2) the data or information considered; (3) any exhibits in support of the expert's opinions; (4) the witness's qualifications, including a list of all publications; (5) a list of all other cases in which the expert has testified; and (6) a statement of the compensation to be paid. Plaintiff argues that Mr. Fisher should not be permitted to testify because his report does not include a list of publications, a list of cases in which the witness testified as an expert, or a statement of compensation. The court should not preclude an expert witness from testifying because of deficiencies in his report if the deficiencies were substantially justified or harmless. *See Walter Intern. Productions, Inc. v. Salinas*, 650 F.3d 1402, 1409 (11th Cir. 2011).

Mr. Fisher's report complies with Rule 26(a)(2)(B)(iv) because it includes a list of media outlets in which Mr. Fisher has been published. (Doc. 64-1 at pp. 5 and 6). Even if the Court were to find that the report was deficient in this regard, and that the technical deficiency was not justified by substantial compliance, the deficiency was nonetheless harmless. A simple internet search of Mr. Fisher on any of the listed websites would reveal every one of his publications,[3] or his report could be amended to include a more detailed list. Providing a more detailed list at this stage of litigation would be harmless because there remain three and a half months before the trial term.

Mr. Fisher was substantially justified in not listing any cases in which he testified as an expert because none exist. Even if his failure to indicate that he has never testified as an expert witness was not substantially justified, the deficiency was harmless because Plaintiff was not

---

[3] Huffington Post Publications: http://www.huffingtonpost.com/author/dariusfisher-664
Forbes Publications: http://www.forbes.com/search/?q=%22darius%20fisher%22#6b6dab1f57fb
NY Times Publications: http://query.nytimes.com/search/sitesearch/?action=click&contentCollection&region=TopBar&WT.nav=searchWidget&module=SearchSubmit&pgtype=Homepage#/%22darius%20fisher%22

deprived of any information regarding Mr. Fisher's credentials.

Finally, although Mr. Fisher did not include a statement of compensation in his report, the deficiency is harmless because Defendant is providing the requested information to Plaintiff today, three and a half months before the trial term. Defendant should not be precluded from presenting its expert's testimony because of an oversight that does not result in any prejudice to Plaintiff.

E. Mr. Oscher should be permitted to testify at trial

Defendant's expert in accounting and economics, Mr. Steven S. Oscher, should be permitted to testify because his technical and specialized knowledge, based on reliable principles and methods applies to the facts of this case, would assist the jury to determine the amount of Plaintiff's lost wages and benefits. Plaintiff asserts that (1) Mr. Oscher is not qualified; and (2) Mr. Oscher's opinion does not fit the facts of the case.

Mr. Oscher is clearly qualified to render an expert opinion of Plaintiff's lost wages and benefits. He is a certified public accountant with a certification in financial forensics and extensive accounting experience which is evidence from his curriculum vitae. (Doc. 64-2 at p. 8). He also has extensive litigation experience and has testified as an expert at trial or in deposition in more than sixty (60) cases in various federal and state courts, as well as in arbitration. In the Middle District alone, he has testified as an expert twenty-three (23) times. Plaintiff's assertion that he should be excluded because she alleges that he does not specifically have a background or education in vocational rehabilitation is not reflective of the liberal view of expert witness qualifications under Rule 702. *See Welsh*, 2011 WL 3958452, *3. Mr. Oscher does not have to be an authority specifically in the field of vocational rehabilitation. In fact, he was proffered as an expert in accounting and economics, not vocational rehabilitation. He simply needs to be competent and qualified by knowledge, skills, experience, training, or education to render an

opinion as to Plaintiff's lost wages and benefits that would assist the trier of fact. His credentials and experience in accounting and economics certainly qualify him to render such an opinion.

Plaintiff's assertion that Mr. Oscher's report does not fit the facts of this case because it presumes that she was qualified for a particular job takes issue with his conclusion, not the reliability of his methods or their application to the facts of the case. "The focus of the Court's inquiry must be based solely on the principles and methodology of the expert, and not on the conclusion that the expert reaches." *See Welsh*, 2011 WL 3958452, *2. In arguing that Mr. Oscher's report does not fit the facts of the case, Plaintiff actually credits his methodology by citing the same sources; she simply takes issue with his conclusions. It is for the jury to determine the weight of Mr. Oscher's conclusions.

WHEREFORE, for the foregoing reasons, Defendant's expert witnesses, Darius Fisher and Steven S. Oscher, are qualified under Rule 702 and should not be excluded from testifying regarding the opinions expressed in their expert reports based on their qualifications or the content of their report. Accordingly, Plaintiff's Motion should be denied.

Dated: October 17, 2016            Respectfully submitted,

                                               */s/Mark E. Levitt*
                                               Mark E. Levitt, Esq.
                                               Florida Bar No.: 193190
                                               Email: mlevitt@anblaw.com
                                               Marc A. Sugerman, Esq.
                                               Florida Bar No.: 0081876
                                               Email: msugerman@anblaw.com
                                               ALLEN, NORTON & BLUE, P.A.
                                               1477 W. Fairbanks Ave., Suite 100
                                               Winter Park, FL 32789
                                               Telephone: (407) 571-2152
                                               Facsimile: (407) 571-1496
                                               *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2016, a copy of the foregoing was filed with the Clerk of Court via the CM/ECF System, which will send a notice of electronic filing to: Angelena M. Root, Esq., Angelena M. Root, P.A. 1931 Cordova Road, #305, Fort Lauderdale, Florida 33316, amrootesq@gmail.com.

                                                  */s/Mark E. Levitt*
                                                  Attorney