**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JACQUELYN JOHNSTON,**

               **Plaintiff,**

**v.**                                           **Case No:  6:15-cv-936-Orl-40DCI**

**GARY S. BORDERS and JENNIFER**
**FERGUSON,**

               **Defendants.**

---

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO QUASH SUBPOENA DUCES TECUM SERVED ON VERIZON WIRELESS SERVICES, LLC (Doc. 57)** |
| **FILED:** | **August 29, 2016** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND

On May 31, 2016, Plaintiff filed a Motion to Compel Production of Documents (the Motion to Compel) seeking, in part, the production of Defendant Jennifer Ferguson's personal cellular telephone bills for the months of August 2014 through December 2014.  Doc. 48 at 6.  Thereafter, Defendants filed a Response to the Motion to Compel, arguing, in part, that the Motion to Compel failed to demonstrate relevance or a need for the records sufficient to outweigh the inherent privacy

concerns involved with producing Defendant Ferguson's personal cellular telephone records. Doc. 49 at 7–8. On June 29, 2016, the Court entered an Order on the Motion to Compel, finding that Plaintiff had offered no explanation as to why Defendant Ferguson's personal cellular telephone bills were relevant. Doc. 53 at 7–9. Accordingly, the Court denied Plaintiff's Motion to Compel to the extent it sought production of Defendant Ferguson's personal cellular telephone bills. *Id.* The Court's Order contained a detailed background on this case that will not be repeated here. *Id.* at 1–4.

On August 2, 2016, Plaintiff's counsel executed a subpoena directed to Verizon Wireless Services, LLC (Verizon) seeking detailed telephone bills from August 2014 through December 2014 for Defendant Ferguson's personal cellular telephone and Captain Todd Luce's agency cellular telephone. Doc. 57–1.

On August 29, 2016, Defendants filed a Motion to Quash Subpoena Duces Tecum Served on Verizon (the Motion to Quash), which is now before the Court for consideration. Doc. 57. In the Motion to Quash, Defendants argued that the Court should quash the subpoena with regard to Defendant Ferguson's personal cellular telephone records because the request in the subpoena served upon Verizon is identical to the request served upon Defendant Ferguson that the Court previously denied, and therefore the Court should quash the subpoena to Verizon for the same reasons. *Id.* at 2–3. Defendants further argued that the Court should quash the subpoena to Verizon with regard to Captain Luce's agency cellular telephone records because the burden on the responding party (Verizon) outweighs Plaintiff's need for the records. *Id.* at 3–4. Specifically, Defendants argued that the burden outweighed the relevance because Defendants had previously produced Captain Luce's agency telephone records and Plaintiff had already established through

deposition that a phone conversation occurred between Defendant Ferguson and Captain Luce around the time Plaintiff was terminated.  *Id*. at 3–4.

Plaintiff responded to Defendants' Motion to Quash on September 13, 2016 (the Response).  Doc. 58.  In the Response, Plaintiff argued that Defendant Ferguson's personal cellular telephone records are relevant because Defendant Ferguson regularly gave her personal cellular telephone number to constituents.  *Id*. at 2.  The supporting documents attached to the Notice of Filing that Plaintiff filed concurrently with the Response demonstrated that Defendant Ferguson, on at least one occasion, used a telephone to discuss issues related to this case.  Docs. 59; 59–1. Those concurrently filed documents also demonstrated that Defendant Ferguson used her personal cellular telephone to speak to Plaintiff on multiple occasions.  Docs. 59–3; 59–4.

In addition, Plaintiffs argued in the Response that Captain Luce's agency cellular telephone records previously produced by Defendants did not include detailed information such as call and message logs, and were therefore insufficient.  Doc. 58 at 2.  The Notice of Filing included an excerpt from Captain Luce's deposition indicating that Captain Luce may have received calls on his agency cellular telephone regarding this incident.  Doc. 59–6.

## II.    <u>LEGAL STANDARD</u>

District courts have broad discretion in handling discovery matters.  *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013.  "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1) (2016).  Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

With that said, a court must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i) (2016). Further, a court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (2016). The moving party must demonstrate that the subpoena subjects that party to undue burden. *See Int'l Ass'n of Machinists and Aerospace Workers v. P & B Transp.*, Case No. 3:05-cv-1083-J-32MCR, 2007 WL 4145974, at *2 (M.D. Fla. Nov. 19, 2007).

## III.   ANALYSIS

### A. Defendant Ferguson's Cellular Telephone Records

The Court previously denied Plaintiff's Motion to Compel Defendant Ferguson's personal cellular telephone records due to Plaintiff's failure to satisfy her initial burden of proving that the records were relevant. Doc. 53; *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1312 (11th Cir. 2011) (finding that the district court did not abuse its discretion by denying a motion to compel that sought the production of discovery the district court deemed "overbroad, irrelevant, or 'redundant to other discovery requests already allowed'"); *Creative Touch Interiors, Inc. v. Nicholson*, Case No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015) ("The proponent of a motion to compel discovery . . . bears the initial burden of proving that the information sought is relevant.").

In the Motion, Defendants now argue that because Plaintiff's "identical request was previously denied, and for the same reasons, the Court should quash the subpoena to Verizon as to Defendant Ferguson's personal cellular telephone records." Doc. 57 at 3. However, Plaintiff's Response sets forth argument and supporting documents demonstrating the potential relevance of the requested records. Docs. 58; 59–1; 59–3; 59–4. The Court finds that Plaintiff has established the relevance of those records for the period of September 22, 2014 through October 17, 2014, but

not for the entire four-month period requested in the subpoena.  Therefore, upon due consideration, Defendants Motion to Quash is hereby **GRANTED in part** and **DENIED in part** to the extent it seeks to quash the subpoena for Defendant Ferguson's personal cellular telephone records.  Plaintiff shall be permitted to serve a subpoena upon Verizon seeking Defendant Ferguson's personal cellular telephone records from **September 22, 2014** through **October 17, 2014**.

### B.  Captain Luce's Agency Cellular Telephone Records

As previously noted, Defendants argue that the subpoena for Captain Luce's agency cellular telephone records should be quashed because the burden on the responding party outweighs Plaintiff's need for the records.  However, Defendants lack standing to argue that the subpoena will place an undue burden on Verizon.  *See Malibu Media, LLC v. John Does 1-25*, No. 2:12-CV-266-FTM-29, 2012 WL 3940142, at *5 (M.D. Fla. Aug. 21, 2012), *report and recommendation adopted*, No. 2:12-CV-266-FTM-29, 2012 WL 3941770 (M.D. Fla. Sept. 10, 2012) ("A party does not have standing to object to a non-party subpoena on the basis that it is burdensome, oppressive or is overly broad.").  In any case, Defendants have failed to articulate why requiring Verizon to provide the cellular telephone records at issue here - related to one telephone number for an extremely limited time period - is an unduly burdensome to Verizon.

To the extent Defendants are attempting to argue that they will be unduly burdened because the subpoena will "clutter the record," Defendants' argument is not legally supported and is otherwise insufficient to quash the subpoena.  The subpoena is not unreasonably cumulative or duplicative, especially given the assertion by Plaintiff that the records previously produced by Defendants did not include detailed information such as calls and message logs.  Further, the fact that Plaintiff established through deposition that a single telephone conversation occurred between Captain Luce and Defendant Ferguson around the time Plaintiff was terminated does not somehow

render irrelevant the entirety of Captain Luce's agency cellular telephone records.  Therefore, upon

due consideration, Defendants Motion to Quash is hereby **DENIED** to the extent it seeks to quash

the subpoena for Captain Luce's agency cellular telephone records.

IV.  **CONCLUSION**

Accordingly, it is **ORDERED** that:

1.  The Motion to Quash (Doc. 57) is **GRANTED in part**  and **DENIED in part**;

2.  Plaintiff shall be permitted to serve a subpoena upon Verizon seeking Defendant
    Ferguson's personal cellular telephone records from **September 22, 2014** through
    **October 17, 2014**.  Plaintiff's subpoena for Defendant Ferguson's personal cellular
    telephone records is otherwise **QUASHED**.

3.  Defendants' Motion to Quash with respect to Captain Luce's agency cellular telephone
    records is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2016.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties