UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELYN JOHNSTON,

      Plaintiff,

v.                                CASE NO.: 6:15-cv-00936-PGB-DAB

GARY S. BORDERS, individually and
in his official capacity as the Sheriff
of Lake County, Florida, and
JENNIFER FERGUSON,

      Defendants.

_____/

**JOINT PROPOSED JURY INSTRUCTIONS
AND PROPOSED VERDICT FORMS**

      Plaintiff, JACQUELYN JOHNSTON, and Defendants, GARY S. BORDERS, individually and in his official capacity as the Sheriff of Lake County, Florida (herein referred to individually as "Sheriff Borders" and in his official capacity as the "Sheriff's Office") and JENNIFER FERGUSON, by and through their respective counsel, hereby file Joint Proposed Jury Instructions and Proposed Verdict Forms. Where Plaintiff and Defendant could not agree on a particular instruction, **Plaintiff's proposed instructions are indicated in bold**, and *Defendant's proposed instructions are indicated in italics*. Additional comments or objections are included in footnotes.

## PROPOSED JURY INSTRUCTION NO. 1

### 1.1 General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Jacquelyn Johnston, claims the Defendant, Sheriff Gary S. Borders, individually and in his official capacity as the Sheriff of Lake County Florida, had an affirmative duty to give her a name clearing hearing and notice of that opportunity because it made a false statement to the public

4

about her termination. Defendant denies those claims and contends that no false statements were made, that Johnston was provided notice of the allegations against her and several constitutionally sufficient opportunities to clear her name, and that the Sheriff's Office is entitled to qualified immunity. Plaintiff also claims that she was defamed by the Sheriff's Office through various press statements. The Sheriff's Office denies that claim and contends that the statements made to the press were true, that they were not published with malice, and that it is entitled to either absolute immunity or qualified immunity. Finally, Plaintiff claims that she was defamed by Defendant, Jennifer Ferguson. Ferguson denies that claim and contends that she did not make any false statements, that there is no evidence of actual malice, and that she is entitled to qualified privilege.

Burden of proof:

Johnston has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Johnston must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Johnston and the evidence favoring the Sheriff's Office or Sheriff Borders or Ferguson on opposite sides of balancing scales, Johnston needs to make the scales tip to her side. If Johnston fails to meet this burden, you must find in favor of the Sheriff's Office, Sheriff Borders, and Ferguson.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the Sheriff's Office, Sheriff Borders, and Ferguson have the burden of proving the elements of a defense by a preponderance of the evidence.

I'll instruct you on the facts that the Sheriff's Office, Sheriff Borders, or Ferguson must prove for any affirmative defense. After considering all the evidence, if you decide that the Sheriff's Office, Sheriff Borders, or Ferguson has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the

courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Johnston will present her witnesses and ask them questions. After Johnston questions the witness, the Sheriff's Office may ask the witness questions – this is called "cross-examining" the witness. Then the Sheriff's Office will present its witnesses, and Johnston may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**AUTHORITY:**   Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 1.1.

GRANTED:   _____

DENIED:   _____

MODIFIED:   _____

## PROPOSED JURY INSTRUCTION NO. 2

### 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the

case or a witness. You must keep an open mind until you've heard all the evidence,

the closing arguments, and my final instructions on the law.

**AUTHORITY:**      Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition),
Section 1.4.

GRANTED:   _____

DENIED:      _____

MODIFIED:   _____

## PROPOSED JURY INSTRUCTION NO. 3

### 1.5 Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.


**AUTHORITY:**     Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 1.5.

GRANTED:          _____

DENIED:           _____

MODIFIED:         _____

## PROPOSED JURY INSTRUCTION NO. 4

### 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.


**AUTHORITY:**     Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 2.1.

GRANTED:        _____

DENIED:          _____

MODIFIED:       _____

## PROPOSED JURY INSTRUCTION NO. 5

### 2.2 Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.


**AUTHORITY:**      Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 2.2.

GRANTED:      _____

DENIED:      _____

MODIFIED:      _____

## PROPOSED JURY INSTRUCTION NO. 6

### 2.3 Use of Recorded Conversations and Transcripts

Now you're going to hear recorded conversations. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording prepared by a court reporter hired by the Plaintiff to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.


**AUTHORITY:**     Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 2.3.

GRANTED:          _____

DENIED:            _____

MODIFIED:         _____

## PROPOSED JURY INSTRUCTION NO. 7

### 2.6 Use of Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**AUTHORITY:**     Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 2.6.

GRANTED:          _____

DENIED:            _____

MODIFIED:         _____

1

## PROPOSED JURY INSTRUCTION NO. 8

### 3.1 Introduction

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELYN JOHNSTON,

     Plaintiff,

v.                        CASE NO.: 6:15-cv-00936-PGB-DAB

GARY S. BORDERS, individually and
in his official capacity as the Sheriff
of Lake County, Florida, and
JENNIFER FERGUSON,

     Defendants.

_____/

### COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**AUTHORITY:**    Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.1.

GRANTED:    _____

DENIED:    _____

MODIFIED:    _____

## PROPOSED JURY INSTRUCTION NO. 9

### 3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

**AUTHORITY:**    Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.2.3.

GRANTED:        _____

DENIED:          _____

MODIFIED:       _____

## PROPOSED JURY INSTRUCTION NO. 10

### 3.3 Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.


**AUTHORITY:**       Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.3.

GRANTED:        _____

DENIED:          _____

MODIFIED:       _____

## PROPOSED JURY INSTRUCTION NO.11

### 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?


**AUTHORITY:**   Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.4.

GRANTED:      _____

DENIED:        _____

MODIFIED:     _____

## <u>PROPOSED JURY INSTRUCTION NO. 12</u>

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**AUTHORITY:**     Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.5.1.

GRANTED:          _____

DENIED:            _____

MODIFIED:        _____

**PROPOSED JURY INSTRUCTION NO. 13**

**3.6.1 Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.


**AUTHORITY:**      Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.6.1.

GRANTED:          _____

DENIED:           _____

MODIFIED:         _____

**PROPOSED JURY INSTRUCTION NO. 14**

**3.7.1 Responsibility for Proof – Plaintiff's Claims**
**Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by the applicable standard of proof, you should find against the Plaintiff.

Because more than one claim is involved, you should consider each of Plaintiff's claims separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**AUTHORITY:**     Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.7.1.

GRANTED:            _____

DENIED:              _____

MODIFIED:          _____

1

## PROPOSED JURY INSTRUCTION NO. 15[1]

### 405.4  CLEAR AND CONVINCING EVIDENCE

Plaintiff has one claim she must prove by a "clear and convincing" standard. The court will tell you when to apply this standard.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

**AUTHORITY:**        Florida Standard Jury Instructions, Section 405.4.

GRANTED:   _____

DENIED:      _____

MODIFIED:   _____

---

[1] Plaintiff objects to this standard being read unless the Court rules that Plaintiff is a public figure.

**PROPOSED JURY INSTRUCTION NO. 16**

**3.7.2 Responsibility for Proof – Affirmative Defense**
**Preponderance of the Evidence**

In this case, Sheriff Borders asserts the affirmative defense of qualified immunity, and the Sheriff's Office and Ferguson assert the affirmative defense of qualified privilege. Even if the Plaintiff proves her claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

Because more than one affirmative defense is involved, you should consider each one separately.

However, there are exceptions to qualified immunity and qualified privilege, which the Plaintiff can prove by a preponderance of the evidence.

I caution you that the Defendants do not have to disprove the Plaintiff's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they proves that defense by a preponderance of the evidence and Plaintiff fails to prove an exception to the affirmative defense.

**AUTHORITY:**     Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.7.2.

GRANTED:          _____

DENIED:            _____

MODIFIED:         _____

<u>**PROPOSED JURY INSTRUCTION NO. 17**</u>

**Issues I and II: 42 U.S.C. § 1983, Deprivation of Liberty Interest**

In this case, Johnston claims that the Sheriff's Office and Sheriff Borders, while acting "under color" of state law, intentionally deprived Johnston of her constitutional right to due process by [**failing to inform Plaintiff of her right to a post-termination name-clearing hearing and failing to provided Plaintiff the post-termination name-clearing hearing**] *[discharging Johnston from employment without a meaningful opportunity to clear her name].*

The Sheriff's Office and Sheriff Borders deny Johnston's claims and assert that Johnston was afforded several meaningful opportunities for a name clearing hearing, which satisfies Johnston's right to due process. **The Defendants further assert that it had no affirmative duty to inform Johnston of her right to a name-clearing hearing.**

Under the Fourteenth Amendment to the United States Constitution, Johnston has a liberty interest in her good name and reputation. In order to establish a violation of her Fourteenth Amendment right to due process, Johnston must show that she was deprived of a constitutionally protected liberty or property interest by state action without constitutionally adequate process.

In order to prevail on the claim that Johnston was deprived of her liberty interest, Johnston must prove each of the following facts by a preponderance of the evidence:

First:      That a false statement was made concerning Ms. Johnston;

Second:     The statement was of such a nature that it created a false and defamatory impression about Johnston thus stigmatizing her;

Third:      The statement was made against Johnston in connection with her termination;

Fourth:     The statement was made public by the Sheriff's Office or Sheriff Borders;

1

Fifth:            Johnston was not **[informed of her right to a name-clearing hearing or provided a name-clearing hearing]** *[given a meaningful opportunity for]* a name-clearing hearing.

You must first determine whether a false statement was made concerning Johnston by an employee of the Sheriff's Office.

Next, you must determine whether the false statement stigmatized Johnston. Stigmatizing statements are statements uttered that are likely to tarnish one's good name, reputation, honor, and integrity such that it imposed a stigma on Johnston that could foreclose her freedom to take advantage of other employment opportunities.

You must also determine whether the statement was made in connection with Johnston's termination and whether the statement was made public.

Finally, you must determine whether Johnston was **[informed of her right to a name-clearing hearing or provided]** *[provided a meaningful opportunity for]* a name clearing hearing. **The Defendants had an affirmative duty to inform Johnston of her right to a name clearing hearing.** A meaningful name clearing hearing must have been provided to Johnston in order to give her an opportunity to cleanse her name. It does not matter whether the hearing occurred prior to or after her termination. Johnston was entitled to notice of the charges against her **[prior to the meeting and an opportunity to defend herself by presenting evidence]** *[and an opportunity to support her allegations or defense by argument, however brief]*.

If you find for the Sheriff's Office, you do not need to decide whether Sheriff Borders is individually liable. If you find that Plaintiff was **[not informed of her right to a name-clearing hearing or provided]** *[provided a meaningful opportunity for]* a name clearing hearing, however, you must also decide whether Sheriff Borders is individually liable. You must first decide whether

2

Sheriff Borders personally failed to **[inform Plaintiff of her right to a name-clearing hearing and]** provide Plaintiff a meaningful opportunity for a name clearing hearing. If so, you must also find that Sheriff Borders violated Plaintiff's constitutional right by failing to do so *and* that a reasonable official in Sheriff Borders' position would understand that failing **[to inform Plaintiff of her right to a name-clearing hearing and]** provide her with a name clearing hearing violated her constitutional right to due process.

If you find for Johnston, you must then decide the issue of Johnston's damages on this claim only. You must determine the amount of compensatory damages that stemmed from the failure to afford Johnston a name clearing hearing **or inform her of her right to same**. With regard to this claim, you should only consider damages stemming from the failure to provide a name clearing hearing **or inform her of the right to same**. You should not consider any damages stemming from Johnston's *termination, the publication of statements about Johnston, or Johnston's* defamation claims. In considering the issue of Johnston's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Johnston's damages **[related to this claim]** *[stemming from the denial of a name clearing hearing]*, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Sheriff's Office or Sheriff Borders. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of the injury—tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly

3

compensate Johnston for those claims of damage that stem from the failure to provide a name clearing hearing. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Emotional pain and mental anguish stemming from the failure to provide a name clearing hearing **or the failure to inform Plaintiff of her right to the same.**

**(b) Injury to reputation or health;**

**(c) Lost earnings, lost working time, lost earning capacity.**

**Any injury to reputation or health means any shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.**

**Lost earnings are earnings lost in the past and any loss of ability to earn money in the future. If you find that Plaintiff voluntarily removed herself from the workforce for any period of time, you should not award lost earnings for that period of time.**

**Any amounts which you allow in damages for loss of ability to earn money in the future should be reduced to their present money value, and you should state in the verdict form provided to you both the total of such future damages and their present value.**

If you find for Johnston but find that no damages have been proved, you may award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved, and should not exceed one dollar ($1).

4

[Punitive Damages: Johnston also claims that in his individual capacity, Borders' acts were done with malice or reckless indifference to Johnston's federally protected rights, which would entitle her to punitive damages in addition to compensatory damages. Johnston must prove by a preponderance of the evidence that she is entitled to punitive damages. You will only reach the issue of punitive damages if you find that Johnston has proved the elements of her claim against Borders, and you award Johnston compensatory damages. You may not assess punitive damages against the Sheriff's Office.

If you find for Johnston and find that Borders acted with malice or reckless indifference to Johnston's federally protected rights, the law allows you, in your discretion, to award Johnston punitive damages as a punishment for Borders and as a deterrent to others.

A person acts with malice if the person's conduct is motivated by evil intent or motive. A person acts with reckless indifference to the protected federal rights of another person when the person engages in conduct with a callous disregard for whether the conduct violates those protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Border's financial resources in fixing the amount of such damages.][2]


**AUTHORITY:**      Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 4.1 (modified); Florida Standard Jury Instructions, Section 405.10; *Buxton v. Plant City*, 871 F.2d 1037 (11th Cir. 1989); *Campbell v. Pierce County, Georgia*, 741 F.2d 1342 (11th Cir. 1984).

GRANTED:    _____

---

[2] Defendant objects to the preceding paragraphs unless the Court rules Plaintiff may seek punitive damages.

5

DENIED:        _____

MODIFIED:   _____

## PROPOSED JURY INSTRUCTION NO. 18

### Issues III and IV: Defamation

In this case, Johnston is alleging defamation against the Sheriff's Office and Ferguson. These are separate claims, and you should consider them separately.

The Sheriff's Office denies Johnston's claims and asserts that it did not make false statements about Johnston, *and that any allegedly false statements were not made with actual malice*.[3] Ferguson also denies Johnston's claims and asserts that she did not make false statements about Johnston, *and that any allegedly false statements were not made with actual malice*.[4]

The issues you must decide on the claim of Johnston against the Sheriff's Office and Ferguson are:

1. Whether the Defendant made a *false* statement about Johnston to a third party;

2. Whether the statement tended to expose Johnston to hatred ridicule or contempt OR tended to injure Johnston in her business, reputation, or occupation; and

3. Whether Johnston was damaged by the statement.

*You must decide each of these issues for each of the Defendants. In other words, you must decide whether the Sheriff's Office made a false statement to a third party concerning Johnston that caused damage. You must also decide whether Ferguson made a false statement to a third party concerning Johnston that caused damage. Your decisions regarding one Defendant should not influence your decisions regarding the other Defendant. For instance, if you find that the Sheriff's Office made a false statement that injured Johnston, that does not mean that you have to*

---

[3] Plaintiff objects to the italicized part of the instruction unless the Court rules that Plaintiff is a public figure.

[4] Plaintiff objects to the italicized part of the instruction unless the Court rules that Plaintiff is a public figure.

*find that Ferguson made a false statement that injured Johnston. The court will give you separate verdict forms for each Defendant.*

With regard to the first element above, a statement is false if its substance or gist conveys a materially different meaning than the truth would have conveyed. A statement can also be false by implication. A statement is false by implication if a literally true statement is conveyed in such a way that it created a false impression of Johnston. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

With regard to the third element above, in determining that the statements made by Defendants caused the damage, you must determine that but for the statement or publication, the damages would not have occurred.

*[If the preponderance of the evidence does not support Johnston's claim against the Sheriff's Office, then your verdict should be for the Sheriff's Office on that claim. Likewise, if the preponderance of the evidence does not support Johnston's claim against Ferguson, then your verdict should be for Ferguson on that claim. However, if the preponderance of the evidence supports Johnston's claims against on or both Defendants, then you must decide the issue of actual malice.*

*If the preponderance of the evidence supports Johnston's claims against one or both of the Defendants, then you must decide the issue of actual malice. Because Johnston is a public figure, a defendant is only liable for defamation if he or she acted with actual malice. Actual malice means that the defendant knew the statement was false or had serious doubts as to its truth. The standard of proof for deciding whether a defendant acted with actual malice is clear and convincing evidence.*

*So, if you find that the preponderance evidence supports Johnston's claims against the Sheriff's Office, you must decide whether clear and convincing evidence shows that at the time the statement was made, the Sheriff's Office knew the statement was false or had serious doubts as to its truth. If the clear and convincing evidence does not show that the Sheriff's Office knew when the statement was made that it was false, or that the Sheriff's Office had serious doubts as to its truth, your verdict should be for the Sheriff's Office. However, if clear and convincing evidence supports Johnston's claim that the Sheriff's Office knew when the statement was made that it was false, or that the Sheriff's Office had serious doubts as to its truth, and the greater weight of the evidence supports Johnston's claim on the other issues on which I have instructed you, then your verdict should be for Johnston on her claims against the Sheriff's Office.*

*Likewise, if you find that the preponderance of the evidence supports Johnston's claims against Ferguson, you must decide whether clear and convincing evidence shows that at the time the statement was made, Ferguson knew the statement was false or had serious doubts as to its truth. If the clear and convincing evidence does not show that Ferguson knew when the statement was made that it was false, or that Ferguson had serious doubts as to its truth, your verdict should be for Ferguson. However, if clear and convincing evidence supports Johnston's claim that Ferguson knew when the statement was made that it was false, or that Ferguson had serious doubts as to its truth, and the greater weight of the evidence supports Johnston's claim on the other issues on which I have instructed you, then your verdict should be for Johnston on her claims against Ferguson.]* [5]

If the preponderance of the evidence supports Plaintiff's claims against either the Sheriff's Office or Ferguson, you shall consider the defenses raised by the Defendant for that particular

---

[5] Plaintiff objects to the four preceding paragraphs unless the Court rules Plaintiff is a public figure.

claim. The Sheriff's Office and Ferguson have the obligation to prove to their affirmative defenses to you by the preponderance of the evidence. Both the Sheriff's Office and Ferguson are claiming qualified privilege.

The Sheriff's Office had a privilege to make a statement even if untrue, provided it did so with proper motives. Such a privilege exists *[because the Sheriff's Office is privileged to issue press releases within the scope of its law enforcement duties and animal control functions, and related to the termination of managerial employees]* **[if the statement made was made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, and limited in scope to accomplish this purpose, even though it contains matter which would otherwise be actionable, and though the duty is not a legal one but only a moral or social obligation]. The privilege disappears if the statement is made with malice.  Malice is proved by the clear and convincing standard and means that the Defendant in making the defamatory statement knew his statement was false.  Defendant's statement of mind can be proved circumstantially.**

Ferguson had a privilege to make a statement even if untrue, provided she did so with proper motives. **[Such a privilege exists if the statement made was made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, and limited in scope to accomplish this purpose, even though it contains matter which would otherwise be actionable, and though the duty is not a legal one but only a moral or social obligation. When the statement is made to a fellow employee, this privilege disappears if the statement is made with malice or to too wide an audience.]** *[Such a privilege exists because as a manager,*

4

*Ferguson is privileged to make statements to non-managerial personnel regarding her job duties as the supervisor of the animal shelter.]*

The issue for you to decide is therefore whether, as Johnston claims, the Sheriff's Office or Ferguson made the statement with improper motives abusing that privilege. One makes a false statement about another with improper motives if one's primary motive and purpose in making the statement is to gratify one's ill will, hostility and intent to harm the other, rather than to advance or protect the interests of the Sheriff's Office or Ferguson.

If the preponderance of the evidence does not support Johnston's claim that the Sheriff's Office abused any privilege it had and the greater weight of the evidence does support the defense of privilege, then your verdict should be for the Sheriff's Office. However, if the preponderance of the evidence supports Johnston's claim that the Sheriff's Office abused any privilege it had, then your verdict should be for Johnston against the Sheriff's Office in the total amount of her damages caused by the Sheriff's Office's defamation.

Likewise, if the preponderance of the evidence does not support Johnston's claim that Ferguson abused any privilege she had and the greater weight of the evidence does support the defense of privilege, then your verdict should be for Ferguson. However, if the preponderance of the evidence supports Johnston's claim that Ferguson abused any privilege she had, then your verdict should be for Johnston against Ferguson in the total amount of her damages caused by Ferguson's defamation.

If you find for the Sheriff's Office and Ferguson, you will not consider the matter of damages. But, if you find for Johnston on her defamation claims against either the Sheriff's Office or Ferguson, you should award Johnston an amount of money that will fairly and adequately

compensate Johnston for such damage as the preponderance of the evidence shows was caused by the particular statement made by the liable Defendant.

You shall consider the following elements of damage:

a.  Injury to reputation or health;

b.  Lost earnings, lost working time, lost earning capacity.

Any injury to reputation or health means any shame, humiliation, mental anguish, and hurt feelings experienced in the past **or to be experienced in the future**. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

Lost earnings are earnings lost in the past and any loss of ability to earn money in the future. If you find that Plaintiff voluntarily removed herself from the workforce for any period of time, you should not award lost earnings for that period of time.

Any amounts which you allow in damages for loss of ability to earn money in the future should be reduced to their present money value, and you should state in the verdict form provided to you both the total of such future damages and their present value.

If you find for Johnston but find that no damages have been proved, you may award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved, and should not exceed one dollar ($1).

**[Punitive Damages: If you find for Johnston and against Ferguson, you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.**

**The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether the conduct of Ferguson is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second part during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether in your discretion punitive damages will be assessed and, if so, the amount**

**Punitive damages are warranted if you find by the greater weight of the evidence that Ferguson's primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm Johnston.][6]**

**AUTHORITY:**      Florida Standard Jury Instructions, Sections 405.7, 405.9, and 405.10; *Glynn v. City of Kissimmee*, 383 So. 2d 774, 776 (Fla. 5th DCA 1980); *Beck v. Lipkind*, 681 So. 2d 794, 795 (Fla. 3d DCA 1996); *Magre v. Charles*, 729 So. 2d 440, 442 (Fla. 5th DCA 1999).
GRANTED:   _____

DENIED:      _____

MODIFIED:   _____

---

[6] Defendant objects to the preceding paragraphs unless the Court rules Plaintiff may seek punitive damages.

## PROPOSED JURY INSTRUCTION NO. 19

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.


**AUTHORITY:**      Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.8.1.

GRANTED:   _____

DENIED:      _____

MODIFIED:   _____

1

## PROPOSED JURY INSTRUCTION NO. 20

### 3.9 Election of Foreperson Explanation of Verdict Forms

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**AUTHORITY:**     Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition), Section 3.9.

GRANTED:     _____

DENIED:        _____

MODIFIED:     _____

## SPECIAL INTERROGATORIES TO THE JURY

**Issue I:**        **42 U.S.C. § 1983, Deprivation of Liberty Interest against the Sheriff's Office**

**Do you find from a preponderance of the evidence:**

    1.  That a false statement was made by the Sheriff's Office concerning Ms. Johnston?

        Yes _____        No  _____

        If your answer is "No," this ends your deliberations on Issue I, and you should proceed to Issue II. If your answer is "Yes," go to the next question.

    2.  That the statement stigmatized Ms. Johnston?

        Yes _____        No  _____

        If your answer is "No," this ends your deliberations on Issue I, and you should proceed to Issue II. If your answer is "Yes," go to the next question.

    3.  That Ms. Johnston **[was informed of her right to a name-clearing hearing or provided a meaningful opportunity for a name clearing hearing]** *[received a meaningful opportunity for a name clearing hearing]*?

        Yes _____        No  _____

        If your answer is "Yes," this ends your deliberations on Issue I; you do not need to decide Issue II, and should proceed to Issue III. If your answer is "No," go to the next question.

    4.  What amount of damages, if any, should Ms. Johnston be awarded against the Sheriff's Office for violating Ms. Johnston's constitutional rights?

        $ _____

**Issue II:**      **42 U.S.C. § 1983, Deprivation of Liberty Interest against Sheriff Gary S. Borders**

**Do you find from a preponderance of the evidence:**

5.  That Sheriff Gary S. Borders personally **[failed to inform of her right to a name-clearing hearing or provide a meaningful opportunity for a name clearing hearing]** *[denied Ms. Johnston a meaningful opportunity for a name clearing hearing]*?

Yes _____      No  _____

If your answer is "No," this ends your deliberations on Issue II, and you should proceed to Issue III. If your answer is "Yes," go to the next question.

6.  That Sheriff Borders violated a constitutional right by **failing to inform Ms. Johnston of her right to a name-clearing hearing or** failing to provide her with a name clearing hearing?

Yes _____      No  _____

If your answer is "No," this ends your deliberations on Issue II, and you should proceed to Issue III. If your answer is "Yes," go to the next question.

7.  That a reasonable official in Sheriff Borders position would understand that failing to inform Ms. Johnston of her right to a name-clearing hearing or failing to provide her with a name clearing hearing violated her constitutional right?

Yes _____      No  _____

8.  If your answer is "No," this ends your deliberations on Issue II, and you should proceed to Issue III. If your answer is "Yes," go to the next question.

9.  What amount of damages, if any, should Ms. Johnston be awarded against the Sheriff Borders, individually, for violating Ms. Johnston's constitutional rights?

$ _____

2

10.     **[If the dollar amount above in number 9 is greater than $0, is Plaintiff entitled to punitive damages?**

Yes _____     No  _____

**If your answer is "No," this ends your deliberations on Issue II, and you should proceed to Issue III. If your answer is "Yes," go to the next question.**

11.     **How much is Plaintiff entitled to for punitive damages, if any?**

$ _____]⁷

**<u>Issue III</u>:      Defamation against the Sheriff's Office**

**Do you find from a preponderance of the evidence:**

12. That the Sheriff's Office made a false statement concerning Ms. Johnston or a true statement concerning Ms. Johnston while omitting other true statements that created a false impression of Ms. Johnston?

Yes _____     No  _____

If your answer is "No," this ends your deliberations on Issue III, and you should proceed to Issue IV. If your answer is "Yes," go to the next question.

13. That the statement made by the Sheriff's Office tended to expose Ms. Johnston to hatred, ridicule, or contempt, or tended to injure Ms. Johnston in her business, reputation, or occupation?

Yes _____     No  _____

If your answer is "No," this ends your deliberations on Issue III, and you should proceed to Issue IV. If your answer is "Yes," go to the next question.

***Do you find from clear and convincing evidence:***

---

⁷ Defendant objects to the preceding paragraphs unless the Court rules Plaintiff may seek punitive damages.

*14. That the Sheriff's Office knew the statement was false or had serious doubts as to its truth?*

*Yes _____   No _____*

*If your answer is "No," this ends your deliberations on Issue III, and you should proceed to Issue IV. If your answer is "Yes," go to the next question.*[8]

**Do you find from a preponderance of the evidence:**

15. That the Sheriff's Office was entitled to qualified privilege?

Yes _____   No _____

If your answer is "No," this ends your deliberations on Issue III, and you should proceed to Issue IV. If your answer is "Yes," go to the next question.

16. That the Sheriff's Office made the statement with improper motives abusing its privilege?

Yes _____   No _____

If your answer is "No," this ends your deliberations on Issue III, and you should proceed to Issue IV. If your answer is "Yes," go to the next question.

17. What amount of damages, if any, should Ms. Johnston be awarded against the Sheriff's Office to compensate for defamation by the Sheriff's Office?

$ _____

---

[8] Plaintiff objects to the inclusion of the malice instructions unless the Court finds Plaintiff was a public figure.

<u>**Issue IV**</u>:      **Defamation against Ferguson**

**Do you find from a preponderance of the evidence:**

18. That Ferguson made a false statement concerning Ms. Johnston to **[a non-employee of the Sheriff's Office or that that she made a statement she knew to be false to an employee of the Sheriff's Office]** *[an outside person]*?

Yes _____     No  _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

19. That the statement made by Ferguson tended to expose Ms. Johnston to hatred, ridicule, or contempt, or tended to injure Ms. Johnston in her business, reputation, or occupation?

Yes _____     No  _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

***Do you find from clear and convincing evidence:***

*20. That Ferguson knew the statement was false or had serious doubts as to its truth?*

*Yes _____     No  _____*

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.[9]*

**Do you find from a preponderance of the evidence:**

21. That Ferguson was entitled to qualified privilege?

Yes _____     No  _____

---

[9] Plaintiff objects to the inclusion of the malice instructions unless the Court finds Plaintiff was a public figure.

5

If your answer is "No," this ends your deliberations and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

22. That Ferguson made the statement with improper motives abusing her privilege?

Yes _____     No  _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

23. What amount of damages, if any, should Ms. Johnston be awarded damages against the Ferguson to compensate for defamation by the Ferguson?

$ _____

24.     **[If the dollar amount above in number 9 is greater than $0, is Plaintiff entitled to punitive damages?**

**Yes _____     No  _____**

**If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.**

25. **How much is Plaintiff entitled to for punitive damages, if any?][10]**

$ _____


**SO SAY WE ALL**

Date:  _____          _____
                                                       Foreperson's Signature

**AUTHORITY:**        Civil Pattern Jury Instructions, U.S. Eleventh Circuit (2013 Edition).

GRANTED:   _____

---

[10] Defendant objects to the preceding paragraphs unless the Court rules Plaintiff may seek punitive damages.

DENIED:        _____

MODIFIED:   _____