# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JACQUELYN JOHNSTON,

    Plaintiff,

v.    Case No: 6:15-cv-936-Orl-40DCI

GARY S. BORDERS and JENNIFER FERGUSON,

    Defendants.
_____/

## ORDER

This cause is before the Court on Defendants' Amended Objection to the Amended Expert Witness Report of Chris S. Anderson. (Doc. 149). The Plaintiff filed her Response in Opposition, (Doc. 159), and the matter is ripe for consideration.

**I.   BACKGROUND**

On July 16, 2018, the Court held the final pretrial conference during which Plaintiff expressed her desire to update the expert report prepared by Mr. Anderson. (Doc. 144). Plaintiff stated that Mr. Anderson will not change his opinions except to account for the increased cost associated with clearing Plaintiff's reputation on the internet. Mr. Anderson's expert report was issued in accordance with the Case Management Scheduling Order; however, Plaintiff's successful appeal of the Court's erroneous summary judgment order renders Mr. Anderson's report stale in some respects. As counsel for Ms. Johnston noted, "[t]wo years later it costs more money to clean this up."[1] The Court agreed with the Plaintiff and ordered that Mr. Anderson may update his report.

---

[1] The Court is quoting from the rough transcript of the hearing. (Tr. 51:13-14).

## II. DISCUSSION

The Defendants argue that "[a]lthough the scope, methodology, and conclusions in Mr. Anderson's amended report remain the same, Mr. Anderson's amended report contains a suspicious and excessive rate increase, for which he provides no explanation whatsoever." (Doc. 149, ¶ 7). The updated report reflects a 20% rise in the cost of clearing Ms. Johnston's internet history increases this category of damages from $1,050,000 to $1,260,000. (*Id.* at ¶ 10). The Defendants argue that the amended expert report violates Rule 26(e)(1)(A) and (B), Fed. R. Civ. Pro., which provides that an expert report may be supplemented "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . or as ordered by the court." (*Id.* at p. 4).

Plaintiff counters that Rule 26(e) permits an expert report to be supplemented for purposes of "adding information that was not available at the time of the initial report." *See Companhia Energetica Potiguar v. Caterpillar, Inc.*, No. 14-CV-24277, 2016 WL 3102225, at *6 (S.D. Fla. June 2, 2016) (quoting *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005)). Plaintiff is correct, and Mr. Anderson's amended report comports with the guidance given by the Court at the final pretrial conference. To the extent Defendants take issue with how Mr. Anderson justifies the 20% cost increase, Mr. Anderson will be available for cross-examination.

The Defendants next argue that the admission of Mr. Anderson's expert report and attachments, including the Eleventh Circuit's Opinion remanding the case for trial, will unduly prejudice the jury. They need not worry. Expert reports are hearsay; that is, a

statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); see *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12–20322–CIV, 2013 WL 8695361, at *2 (S.D. Fla. Apr. 4, 2013) (expert's written report is not admissible at trial, but it can be used to refresh his recollection, if necessary; *Neagle v. Illinois Tool Works, Inc.*, No. 1:08-cv-2080-WSD, 2011 WL 13173913, at *1 (N.D. Ga. Feb. 11, 2011) (expert reports generally are inadmissible because they are hearsay).[2] Mr. Anderson's opinions will be presented via his sworn testimony, and his report may be used to refresh his recollection or for impeachment, but the report itself is hearsay and is not admissible.

## III. CONCLUSION

For the foregoing reasons, Defendants' Amended Objection to the Amended Expert Witness Report of Chris S. Anderson, (Doc. 149), is **GRANTED IN PART** and **DENIED IN PART**. Mr. Anderson may offer the opinions set forth in his expert report(s) including the increased cost associated with clearing the Plaintiff's reputation on the internet, but the report itself is not admissible.

---

[2] *See also Ake v. General Motors Corp.*, 942 F. Supp. 869, 877–78 (W.D.N.Y. 1996) (excluding as hearsay the report of an expert because it was not a business record, or a record of events made at or near the time of the event, or a record involving the proponent's regularly conducted business, or a public record, or a prior consistent statement because it was not offered to rebut a charge of recent fabrication or improper motive, or an adoptive admission because it was not offered against the party who adopted it, or the basis for the expert's opinion because "the report is his opinion").

**DONE AND ORDERED** in Orlando, Florida on September 4, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties