UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELYN JOHNSTON,

    Plaintiff,

v.                                   CASE NO.: 6:15-cv-00936-PGB-DAB

GARY S. BORDERS, individually and
in his official capacity as the Sheriff
of Lake County, Florida, and
JENNIFER FERGUSON,

    Defendants.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

## JURY INSTRUCTION NO. 1

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## JURY INSTRUCTION NO. 2

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

## <u>JURY INSTRUCTION NO. 3</u>

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## JURY INSTRUCTION NO. 4

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## JURY INSTRUCTION NO. 5

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## JURY INSTRUCTION NO. 6

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## JURY INSTRUCTION NO. 7

In this case it is the responsibility of Ms. Johnston to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Ms. Johnston's claim is more likely true than not true, or put another way, by the greater weight of the evidence.

If the proof fails to establish any essential part of a claim or contention by the applicable standard of proof, you should find against Ms. Johnston.

Because more than one claim is involved, you should consider each of Ms. Johnston's claims separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Ms. Johnston's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

## <u>JURY INSTRUCTION NO. 8</u>

Plaintiff has one element of her Defamation claim she must prove by a "clear and convincing" standard. The court will tell you when to apply this standard.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

## JURY INSTRUCTION NO. 9

Ms. Johnston claims that the Sheriff's Office and Sheriff Gary Borders deprived Ms. Johnston of her constitutional right to due process under the Fourteenth Amendment of the Constitution by failing to give Ms. Johnston a meaningful opportunity to clear her name after publishing false and stigmatizing information about Ms. Johnston in connection with her termination from employment.

The Sheriff's Office and Sheriff Borders deny Ms. Johnston's claims and assert that they did not publish any false and stigmatizing information about Ms. Johnston in connection with her termination.

Under the Fourteenth Amendment to the United States Constitution, Ms. Johnston has a liberty interest in her good name and reputation. In order to establish a violation of her Fourteenth Amendment right to due process, Ms. Johnston must show that she was deprived of a constitutionally protected liberty interest by state action without constitutionally adequate process. Since Ms. Johnston was a government employee, she had a constitutionally protected liberty interest in having a name clearing hearing in connection with her termination.

In order to prevail on her claim that she was deprived of her liberty interest, Ms. Johnston must prove each of the following elements:

| | |
|---|---|
| First: | That a false statement was made concerning Ms. Johnston; |
| Second: | The statement was of a stigmatizing nature; |
| Third: | The statement was made against Ms. Johnston in connection with her termination; |
| Fourth: | The statement was made public; |

Fifth:          The statement was made public by the Sheriff's Office or Sheriff Borders; and

Sixth:          Ms. Johnston did not have a meaningful opportunity for employee name clearing.

First, you must determine whether a false statement was made concerning Ms. Johnston by an employee of the Sheriff's Office. As to the first element, a statement is false if its substance or gist conveys a materially different meaning than the truth would have conveyed. A statement can also be false by implication. A statement is false by implication if a literally true statement is conveyed in such a way that it created a false impression of Ms. Johnston. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

As to the second element, stigmatizing statements are statements uttered that are likely to tarnish Ms. Johnston's good name, reputation, honor, and integrity such that it imposed a stigma on Ms. Johnston that could foreclose her freedom to take advantage of other employment opportunities.

The parties are in agreement that the remaining elements are proved because the Sheriff's Office made public statements about Ms. Johnston in connection with her termination as Director of Animal Services, and she did not have a meaningful opportunity for employee name clearing.

If you find that the preponderance of the evidence supports Ms. Johnston's Section 1983 claim, then your verdict is for Ms. Johnston on that claim and you shall consider the issue of damages. If, however, one or more of the elements of the Section 1983 claim have not been proved by Ms. Johnston, then your verdict should be in favor of the Sheriff's Office and Gary Borders.

If you find for Ms. Johnston on her Section 1983 claim, you must then decide the amount of damages to award her for the violation of her constitutionally protected liberty interest.

You should only consider the amount of damages stemming from the failure to provide her a meaningful name clearing opportunity. You should not consider any damages stemming from Ms. Johnston's termination because the Sheriff's Office had a right to terminate her employment. You should consider whether the statement published by the Sheriff's Office or Sheriff Borders was false concerning Ms. Johnston and was of a stigmatizing nature. In considering the issue of Ms. Johnston's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Johnston's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Sheriff's Office or Sheriff Borders. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages cover both the mental and physical aspects of the injury – tangible and intangible. You should determine an amount that will fairly compensate Ms. Johnston for those claims of damage that stem from the failure to provide a name clearing hearing. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You may consider the following categories of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Emotional pain and mental anguish, including impairment of reputation and personal humiliation, stemming from the failure to provide a name clearing hearing; and

(b) Damage to her career and reputation, including lost earnings and lost earning capacity, stemming from the failure to provide a name clearing hearing.

To determine whether and how much Ms. Johnston should recover for emotional pain, mental anguish, and injury to reputation, you may consider both the mental and physical aspects of injury – tangible and intangible. Ms. Johnston does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates her for her claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Johnston to be reasonably diligent in seeking substantially equivalent employment to the position she held with the Sheriff's Office. To prove that Ms. Johnston failed to mitigate damages, the Sheriff's Office must prove by a preponderance of the evidence that: (1) work comparable to the position Ms. Johnston held with the Sheriff's Office was available, and (2) Ms. Johnston did not make reasonably diligent efforts to obtain it. If, however, the Sheriff's Office shows that Ms. Johnston did not make reasonable efforts to obtain any work, then the Sheriff's Office does not have to prove that comparable work was available.

If you find that the Sheriff's Office or Sheriff Borders proved by a preponderance of the evidence that Ms. Johnston failed to mitigate damages, then you should reduce the amount of Ms. Johnston's damages by the amount that could have been reasonably realized if Ms. Johnston had taken advantage of an opportunity for substantially equivalent employment.

Any amounts which you allow in damages for loss of ability to earn money in the future should be reduced to their present money value, and you should state in the verdict form provided to you both the total of such future damages and their present value.

If you find for Ms. Johnston but find that no damages have been proved, you may award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved and should not exceed one dollar ($1).

## JURY INSTRUCTION NO. 10

In this case, Ms. Johnston is alleging defamation against Ms. Ferguson. This is a separate claim from the § 1983 claims, and you should consider it separately.

Ms. Johnston alleges that Ms. Ferguson made false statements about her to a third party, which exposed her to hatred, ridicule, or contempt and injured her reputation. Ms. Ferguson denies Ms. Johnston's claims and asserts that she did not make false statements about Ms. Johnston, that any allegedly false statements were not made with actual malice.

Ms. Johnston must prove the following elements for her defamation claim:

1. Whether Ms. Ferguson made a false statement about Ms. Johnston to a third party;

2. Whether the statement tended to expose Ms. Johnston to hatred ridicule or contempt or tended to injure Ms. Johnston in her business, reputation, or occupation;

3. Whether Ms. Johnston was damaged by the statement; and

4. Whether Ms. Ferguson acted with actual malice.

As to the first element, a statement is false if its substance or gist conveys a materially different meaning than the truth would have conveyed. A statement can also be false by implication. A statement is false by implication if a literally true statement is conveyed in such a way that it created a false impression of Ms. Johnston. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

As to the third element, in order to find that the statements made by Ms. Ferguson caused Ms. Johnston damage, you must determine that but for the statement or publication, the damage would not have occurred.

Because Ms. Johnston is a public figure, Ms. Ferguson is only liable for defamation if he or she acted with actual malice. Actual malice means that the defendant knew the statement was

false or had serious doubts as to its truth. The standard of proof for deciding whether a defendant acted with actual malice is clear and convincing evidence. Thus, you must decide whether clear and convincing evidence shows that at the time the statement was made, Ms. Ferguson knew the statement was false or had serious doubts as to its truth.

If you find in favor of Ms. Johnston, you must next consider damages.

You shall consider the following elements of damage:

a. Injury to reputation or health stemming from the defamatory statement; and

b. Lost earnings, lost working time, lost earning capacity stemming from the defamatory statement.

Any injury to reputation or health means any shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

Lost earnings are earnings lost in the past and any loss of ability to earn money in the future. To be entitled to an award of lost wages, the employee must be ready, willing and able to accept employment. If you find that Ms. Johnston voluntarily removed herself from the workforce for any period of time, you should not award lost earnings for that period of time.

Any amounts which you allow in damages for loss of ability to earn money in the future should be reduced to their present money value, and you should state in the verdict form provided to you both the total of such future damages and their present value.

If you find for Ms. Johnston but find that no damages have been proved, you may award nominal damages. Nominal damages are damages of an inconsequential amount which are

awarded to vindicate a right where a wrong is established but no damage is proved, and should not exceed one dollar ($1).

## JURY INSTRUCTION NO. 11

There is an additional claim in this case that you must decide. If you find for Ms. Johnston and against Ms. Ferguson, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Ms. Ferguson and as a deterrent to others.

<u>Defamation – Ms. Ferguson</u>

Punitive damages are warranted if you find by clear and convincing evidence that at the time of making the statement Ms. Ferguson knew the statement was false or had serious doubts as to its truth; and if the greater weight of the evidence shows that Ms. Ferguson's primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm Ms. Johnston.

Clear and convincing evidence differs from preponderance of the evidence in that it is more compelling and persuasive. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

Should you determine that an award of punitive damages is warranted, additional evidence will be presented for your consideration.

## JURY INSTRUCTION NO. 12

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO. 13

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.